IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)



| | |
|---|---|
| DANIELLE SUTTELL<br>1 Melken Court<br>Nottingham, MD 21236<br>Baltimore County<br>**Plaintiff,**<br><br>v.<br><br>AMERICAN SUBSTANCE<br>ABUSE PROFESSIONALS, INC.<br>1421 Clarkview Road<br>Suite 130<br>Baltimore, MD 21209<br><br>*Serve Resident Agent:*<br>Reed A. Morrison, Ph.D.<br>1421 Clarkview Road<br>Suite 130<br>Baltimore, MD 21209<br><br>CARRIE FRAZIER<br>1421 Clarkview Road<br>Suite 130<br>Baltimore, MD 21209<br>**Defendants.** | Civil Action No.: GLR 17 CV 1414<br><br><br>JURY TRIAL REQUESTED<br><br><br>COLLECTIVE ACTION - FLSA |

## COMPLAINT FOR OWED WAGES

Plaintiff, Danielle Suttell ("Ms. Suttell"), brings this lawsuit against her former employers, Defendants American Substance Abuse Professionals Inc. ("ASAP") and Carrie Frazier ("Defendant Frazier") (referred to collectively as "Defendants"), for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), and Maryland Wage and Hour Law ("MWHL"), and for owed wages for all hours worked, including overtime hours, under the Maryland Wage Payment and Collection Law ("MWPCL").

## PARTIES

**PLAINTIFF**

1. Ms. Suttell is an adult resident of the State of Maryland, Baltimore County.

2. Ms. Suttell was hired by Defendants on March 14, 2016, as a case coordinator.

3. Ms. Suttell's employment with Defendants ended on April 10, 2017.

**DEFENDANTS**

4. Defendant ASAP is a for-profit Maryland-based corporation.

5. Defendant ASAP is substance abuse business that, according to its website, provides substance abuse evaluation services for employers regulated by the Department of Transportation (DOT) and the Nuclear Regulatory Commission (NRC), workplace drug and alcohol testing, substance abuse evaluations, treatment referrals, substance abuse case management, aftercare management and DOT/NRC audit support. *See* https://go2asap.com/services.

6. Defendant ASAP engages in interstate commerce by providing substance abuse services in over 5000 locations in all 50 states and Puerto Rico. *See* https://go2asap.com/nationwide-provider-network.

7. Defendant ASAP's gross annual revenue is at least $500,000.

8. Defendant Frazier is a Clinical Manager for Defendant ASAP.

9. Defendant Frazier was Ms. Suttell's direct supervisor.

10. Defendant Frazier interviewed Ms. Suttell for the position of case coordinator.

11. Defendant Frazier hired Ms. Suttell for the position of case coordinator.

12. Defendant Frazier set Ms. Suttell's work schedule.

13. Defendant Frazier monitored and approved Ms. Suttell's timecards.

14. Defendant Frazier monitored Ms. Suttell's work load and assigned cases to her.

15. Defendant Frazier disciplined Ms. Suttell.

16. Defendant Frazier was responsible for approving Ms. Suttell's requests for time off.

17. Defendants ASAP and Frazier, individually, were Ms. Suttell's employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

18. Defendants were Ms. Suttell's joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

19. Defendants are subject to the FLSA, MWHL, and the MWPCL for owed wages, including unpaid overtime wages.

20. Defendants employed and paid Ms. Suttell as their employee from March 14, 2016 until April 10, 2017, and always on an hourly basis.

21. Ms. Suttell's bi-weekly pay varied each week based on her number of hours worked.

22. Defendants did not pay Ms. Suttell for all hours worked.

23. Defendants paid Ms. Suttell overtime wages for some, but not all, of her overtime hours worked in excess of 40 hours per workweek.

24. Throughout Ms. Suttell's employment with Defendants, Defendants failed to pay Ms. Suttell overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, §3-415.

25. Defendants regularly required Ms. Suttell to work in excess of 40 hours per workweek.

26. Defendants refused to timely pay Ms. Suttell all of her owed wages, including all overtime wages, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

27. Ms. Suttell's employment with Defendants ended on April 10, 2017.

28. Defendants have not paid Ms. Suttell all of her owed wages for all hours worked and all of her owed overtime wages.

29. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were obligated to pay Ms. Suttell for all wages earned on a regular basis, including all overtime wages.

30. Defendants' actions in failing to pay Ms. Suttell all of her owed wages for all hours worked, including all owed overtime wages for all overtime hours worked, were willful violations of the MWPCL.

31. Over two weeks have elapsed from the date on which Defendants were required to have paid Ms. Suttell all owed wages for all hours worked, including all owed overtime wages, as required by the MWPCL, Labor and Employment § 3- 507.2(a).

32. Upon information and belief, Defendants did not post and keep posted notices explaining the requirements of the FLSA, as required by 29 C.F.R. § 516.4, or the MWHL, Md. Ann. Code, Labor & Employment, §3-423(b).

33. Defendants' failure to pay Ms. Suttell all wages owed for all hours worked, including all overtime wages, was intentional and willful.

34. Defendants' failure to pay Ms. Suttell all wages owed for all hours worked, including all overtime wages, was not the result of a bona fide dispute.

## FACTS

35. Ms. Suttell was hired by Defendants on March 16, 2016 as a case coordinator.

36. Prior to being hired by Defendants, Ms. Suttell interviewed with Defendant Frazier.

37. On approximately March 8, 2016, Defendant Frazier sent Ms. Suttell a letter offering Ms. Suttell the full-time position of case coordinator.

4

38. Ms. Suttell was paid on an hourly basis, at a rate of $20.48 per hour, as a case coordinator for Defendants.

39. Ms. Suttell was not a salaried employee.

40. Ms. Suttell's primary job duties as a case coordinator were data entry, communicating with clients' employer's human resource offices and substance abuse evaluators, and providing customer service.

41. Ms. Suttell did not supervise any employees.

42. Ms. Suttell did not exercise any independent judgment or discretion.

43. Ms. Suttell's employment with Defendants began with a 90-day initial evaluation period.

44. During approximately the first two-months of Ms. Suttell's employment, her regular schedule was 8:30 a.m. to 5:00 p.m., Monday through Friday.

45. After approximately the first two-months of Ms. Suttell's employment, Ms. Suttell's regular work schedule was 8:00 a.m. to 4:30 p.m., Monday through Friday.

46. During Ms. Suttell's employment with Defendants, Defendants utilized Kelly Payroll, a payroll company located in Sparks, Maryland.

47. Each workday, Ms. Suttell was required to arrive at work, log into the Kelly Payroll website, located at https://www.ktbsonline.com/, and clock-in.

48. Each workday, Defendants required Ms. Suttell to clock-out at the end of her shift on the Kelly Payroll website, even if she had not finished working for the day.

49. Ms. Suttell regularly worked up to two hours after she clocked out at the end of the workday, sometimes more.

50. If Ms. Suttell worked past the end of her shift, without clocking-out, Defendant Frazier went into the Kelly Payroll system and altered Ms. Suttell's time records to reflect a clock-out time

at the end of Ms. Suttell's shift.

51. At the end of each workday, Defendants required Ms. Suttell to send Defendant Frazier an email documenting how many hours she billed that day.

52. The daily billing emails were timestamped.

53. Defendants required case coordinators, such as Ms. Suttell, to bill at least 10 to 12 hours per eight hour scheduled shift.

54. Defendant ASAP's assistant manager, Annette Soot, was copied on the daily billing emails.

55. Defendants knew that Ms. Suttell was working after she clocked-out because Ms. Suttell was required to send the daily billing emails at the end of each workday.

56. Defendants knew that Ms. Suttell was working after she had clocked-out because Defendant Frazier regularly worked until at least 6:00 p.m. and she saw Ms. Suttell working after Ms. Suttell had clocked-out.

57. Defendants automatically deducted a 30-minute lunch break from Ms. Suttell's hours worked each day, whether or not Ms. Suttell took a break for lunch.

58. On most days, Ms. Suttell had to work through lunch due to her work load.

59. Defendants knew that Ms. Suttell worked through lunch because Defendant Frazier and Ms. Soot saw Ms. Suttell working through lunch.

60. Defendants did not include Ms. Suttell's time spent working through lunch in her hours worked.

61. Defendants did not pay Ms. Suttell her owed wages for her time spent working through lunch.

62. On numerous occasions, Ms. Suttell spoke with Defendant Frazier and requested that Defendants pay Ms. Suttell her overtime wages for all of her overtime hours worked.

63. Defendants refused to pay Ms. Suttell her owed overtime wages for all overtime hours worked during her employment with Defendants.

64. Ms. Suttell satisfies all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

65. Defendants willfully and intentionally failed to pay Ms. Suttell at a rate of one and one-half times her regular rate of pay for all overtime hours worked over 40 hours in a workweek during her employment with Defendants, as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

66. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Ms. Suttell all of her owed wages, including wages for the time she spent working through lunch and all overtime wages due for all overtime hours worked prior to the termination of her employment, as required by the MWPCL, Labor and Employment § 3-505.

67. Over two weeks have elapsed from the date on which Defendants were required to have paid Ms. Suttell all owed wages as required by the MWPCL, Labor and Employment § 3-507.2(a).

68. Upon information and belief, Defendants did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA or MWHL prior to deciding not to pay Ms. Suttell overtime wages for all overtime hours worked over 40 hours per workweek.

69. Defendants' failure to pay Ms. Suttell all overtime wages for all overtime hours worked was not done in good faith and was willful, as evidenced by the fact that Defendants knew Ms. Suttell was an hourly, non-exempt employee, and knew that Ms. Suttell worked overtime hours.

70. Ms. Suttell requested that Defendants pay her overtime wages for all overtime hours worked, Defendants refused.

71. Defendants' failure to pay Ms. Suttell all of her owed wages for all hours worked, including overtime wages for all overtime hours worked, was not the result of a bona fide dispute.

## VENUE

72. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq.* This Court also has subject matter jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331.

73. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

74. This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C.A. § 216(b) as to the claims for unpaid overtime wages, liquidated damages, and attorneys' fees under the FLSA.

75. Ms. Suttell consents to be a party plaintiff in this matter. Ms. Suttell's consent form is filed concurrently with this Complaint.

76. In addition to Ms. Suttell, there are other similarly situated current and former employees of Defendants who were paid on an hourly basis and required to work overtime hours without being paid overtime wages at a rate of one and one-half times their regular rate of pay for all overtime hours worked.

77. Those similarly situated current and former employees were subjected to the same unlawful pay policies and practices by the Defendants, including but not limited to:

    a. being required to clock-in and clock-out at the begin and end of their shifts;

    b. being required to work past the time they clocked-out at the end of their shifts;

   c. having a 30-minute lunch break automatically deducted from their hours worked, regardless of whether they took a lunch break;

   d. being required to work through lunch, without taking a lunch break;

   e. being required to send time stamped billing emails to Defendants at the end of their workday, after they clocked-out; and

   f. not being paid overtime wages for all overtime hours worked, even though they were hourly, non-exempt employees.

78. These similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

79. The similarly situated employees would benefit from the issuance of a court-supervised notice, granting them the opportunity to join this lawsuit.

80. Upon information and belief, others will choose to join Ms. Suttell in this action against Defendants and opt-in to this lawsuit to recover unpaid wages, including overtime wages and other available relief.

81. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C.A. §216(b), for the purpose of adjudicating their claims for unpaid overtime wages, liquidated damages, and attorneys' fees under the FLSA.

## **VIOLATIONS OF LAW**

### COUNT I – **VIOLATIONS OF THE FLSA, FAILURE TO PAY THE REQUIRED OVERTIME WAGE**

82. All allegations of the Complaint are expressly incorporated herein.

83. From March 16, 2016 until April 10, 2017, Ms. Suttell was required to work in excess of 40 hours per workweek.

84. At all times relevant, Ms. Suttell, was an hourly, non-exempt employee under the FLSA, entitling her to be paid overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

85. Defendants willfully and intentionally failed to pay Ms. Suttell overtime wages at a rate of one and one-half times her regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

86. Defendants violated the FLSA by willfully and intentionally failing and refusing to pay Ms. Suttell overtime wages at a rate of one and one-half times her regular rate of pay for all overtime hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. § 207.

87. By reason of the aforesaid violations of the FLSA, Defendants are liable to Ms. Suttell in an amount equal to the unpaid overtime, liquidated damages, all other applicable penalties, attorneys' fees and costs, and pre- and post- judgment interest.

88. <u>Relief requested</u> – Ms. Suttell requests that: (a) Defendants be ordered to pay her all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against Defendants; (c) she be awarded pre- and post- judgment interest; and (d) she be awarded her attorneys' fees and costs. In addition, Ms. Suttell requests that an Order issue certifying this count as a collective action and enjoining Defendants to comply with the FLSA.

**COUNT II – <u>VIOLATIONS OF THE MWHL, FAILURE TO PAY THE REQUIRED OVERTIME WAGE</u>**

89. All allegations of the Complaint are expressly incorporated herein.

90. From March 16, 2016 until April 10, 2017, Ms. Suttell was required to work in excess of 40 hours per workweek.

91. Defendants willfully and intentionally failed to pay Ms. Suttell overtime wages at a rate of

one and one-half times her regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

92. At all times relevant, Ms. Suttell was an hourly, non-exempt employee under the MWHL, Labor and Employment §§3-403, 3-415(a), entitling her to be paid overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

93. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Ms. Suttell for all overtime hours worked at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

94. Defendants' unlawful acts deprived Ms. Suttell overtime wages in amounts to be determined at trial, and she is entitled to recovery of such amounts, plus liquidated damages, attorneys' fees, and costs.

95. There is no bona fide dispute that Ms. Suttell is owed the requested overtime wages.

96. <u>Relief requested</u> – Ms. Suttell requests that: (a) Defendants be ordered to pay her all overtime wages owed at a rate of one and one-half times her regular rate of pay for all overtime hours worked; (b) that she be awarded an additional amount of liquidated damages; (c) that she be awarded pre- and post- judgment interest; and (d) that she be awarded her attorneys' fees and costs.

**COUNT III – <u>VIOLATIONS OF THE MWPCL, FAILURE TO TIMELY PAY ALL WAGES DUE</u>**

97. All allegations of the Complaint are expressly incorporated herein.

98. From March 16, 2016 until April 10, 2017, Ms. Suttell was required to work in excess of 40 hours per workweek.

99. At all times relevant, Ms. Suttell, was an hourly, non-exempt employee under the MWHL, Labor and Employment §§3-403, 3-415(a), entitling her to be paid overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

100. Ms. Suttell regularly worked up to two hours after she clocked out at the end of the workday, sometimes more.

101. Defendants willfully and intentionally failed to pay Ms. Suttell all of her owed wages for the hours she worked after she clocked out at the end of the workday.

102. Defendants willfully and intentionally failed to pay Ms. Suttell overtime wages at a rate of one and one-half times her regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

103. Defendants also automatically deducted a 30-minute lunch break from Ms. Suttell's hours worked each day, whether or not Ms. Suttell took a break for lunch.

104. On most days, Ms. Suttell had to work through lunch due to her work load.

105. Defendants did not include Ms. Suttell's time spent working through lunch in her hours worked.

106. Defendants intentionally and willfully did not pay Ms. Suttell her owed wages for her time spent working through lunch.

107. Defendants have not paid Ms. Suttell all of her owed wages.

108. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were obligated to pay Ms. Suttell for all wages earned on a regular basis, including overtime wages.

109. Defendants' actions in failing to pay Ms. Suttell all of her owed wages, including all overtime wages for all overtime hours worked, were willful violations of the MWPCL.

110. Over two weeks have elapsed from the date on which Defendants were required to have paid Ms. Suttell all owed wages, including all owed overtime wages, as required by the MWPCL, Labor and Employment § 3-507.2(a).

111. There is no bona fide dispute as to the wages owed to Ms. Suttell.

112. <u>Relief requested</u> – Ms. Suttell requests that: (a) Defendants be ordered to pay her all owed wages, including all overtime wages; (b) that she be awarded treble damages; (c) that she be awarded pre- and post- judgment interest; and (d) that she be awarded her attorneys' fees and costs.

Respectfully submitted,

_____
Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net

_____
Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of her peers hear and decide all claims asserted in this Complaint.

_____
Devan M. Wang, #30211
*Attorney for the Plaintiff*